IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAVIER CHAVEZ LOPEZ,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　1:05CV528
　　　　　　　　　　　　　　　　　)　　1:03CR388-1
UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　　)

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Javier Chavez Lopez, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to attempting to possess with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 846. (Docket nos. 18, 22 (criminal case)) The court sentenced him to 71 months in prison. (Id. docket no. 41) He did not appeal.

Petitioner then filed this corrected section 2255 motion. (Docket no. 3)[1] Respondent has responded to the motion. (Docket no. 5) Petitioner has not filed a reply brief, but the court notified him of his right to do so. (Docket no. 6) The deadline for filing a reply brief has now passed, and the matter is now ready for ruling.

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

## **DISCUSSION**

Petitioner's first ground for relief is that his sentence is in violation of the Fifth and Fourteenth Amendments. (Docket no. 3 at 5) His claim is that he was not given notice, prior to his sentencing hearing, of the two-level enhancement of his sentence for obstruction of justice. (Id. attached pp. 1-2) The enhancement was the result of Petitioner admitting at his sentencing hearing that his real name was different from the name used in the court proceedings up until that time. (Id.) Petitioner says this was all a misunderstanding that could have been resolved if he had been given notice. (Id.)

The record shows that Petitioner was given notice of this enhancement well before his sentencing hearing. Respondent has attached to its response a copy of Petitioner's Presentence Report Review form. (Docket no. 5, ex. A) This form is signed by Petitioner, his counsel, and the court interpreter and it shows that Petitioner objected to the adjustment for obstruction of justice in his presentence report based on his giving a different name. (Id.) The form is dated January 5, 2004. Petitioner's sentencing hearing was held on May 19, 2004. (Docket entry of that date (criminal case)) Petitioner knew several months before his sentencing hearing that this was a possible basis for a sentence enhancement. This claim has no merit and should be dismissed.

Petitioner's second ground for relief is that his sentence is contrary to USSG § 3C1.1. (Docket no. 3 at 6) He states later in his motion that violation of this

section "requires proof beyond a reasonable doubt of a specific intent to obstruct justice." (Id. attached p. 3)  This is the section which adds two offense levels to a defendant's base offense level for obstruction of justice.  Respondent addresses this claim as one arising under United States v. Booker, 125 S.Ct. 738 (2005).  (Docket no. 5)  This appears to be the type of claim Petitioner is presenting, and because he has not filed a reply brief arguing otherwise, the court will address the claim in this manner.  Any other claim of a simple error in applying the sentencing guidelines would be a non-constitutional error which was waived by Petitioner's failure to appeal.  Stone v. Powell, 428 U.S. 465, 477 n.10 (1976); United States v. Emmanuel, 869 F.2d 795, 796 (4th Cir. 1989).

Petitioner's claim of a Booker error does not merit relief.  His conviction became final in June 2004 after his judgment was entered because he did not appeal. (Docket no. 41 (criminal case))  Booker was decided in 2005 and it would therefore have to be applied retroactively to benefit Petitioner; this cannot be done.  See Booker, 125 S.Ct. at 769 (decision to be applied only to cases not yet final when decision issued);  see also Schriro v. Summerlin, 542 U.S. 348 (2004) (Ring and a fortiori Apprendi do not apply retroactively on habeas review).  Accordingly, all of Petitioner's claims must be dismissed.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 3) be **DENIED** and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
October 21, 2005